### COOPER v. WOODROW & COFFEEN.

When a mistake in the transcript from the docket of a justice of the peace is unquestionably established, it may be corrected, so as to fully try the cause in the District Court, upon the same issues which were tried before the justice.

A return of a justice, amending his transcript, is a part of the record, and may be read to the jury, to show the matters in issue.

#### Appeal from the Polk District Court.

THIS cause was originally tried before a justice of the peace. From the judgment there rendered, defendants appealed. The transcript shows that before the justice, the defendants plead an offset, and also tender. After the appeal, and while the cause was pending in the District Court, the justice made an amended return, showing that the plaintiff, when the case was before him, verbally denied the offset of said defendant, except as to certain items. Defendants moved to strike from the files this amended return, which motion was overruled, and they excepted. On the trial, it appears that plaintiff read to the jury the amended return, to which defendants objected, which objection was overruled,

and they again excepted. Judgment for plaintiff, and defendants appeal.

*Jewett & Hull*, for the appellants.

*Knapp & Caldwell*, for the appellee.

WRIGHT, C. J.—Appellants assign for error, the rulings of the court on their motion to strike from the files, and rule from the jury, said amended transcript or return of the justice. The objections were not well taken. The pleadings before a justice of the peace, may be written or oral. If oral, they must in substance, be written down by the justice in his docket. Code, § 2284. It was not only the right, but the duty, of the justice, to amend his return, and if there had ever been a mistake by him in his docket entries, the court might have corrected the mistake, or directed him to do so. Sections 2338–9. When such mistake is unquestionably established, the law contemplates that it may be corrected, so as to fully try the case upon the same issues which were tried before the justice; and after the return was thus made, we can see no conceivable objection to permitting it to be read as a paper in the cause, to the jury. It was a part of the record, and like any other paper, might be read as showing the matters in issue. True, it was properly the province of the court to determine the state of the issues, but counsel might nevertheless refer to the papers in argument. If it was offered as evidence, as is claimed, it can make no substantial difference. It was in evidence any how (as far as a pleading or transcript can be said to be in evidence), and to read it to the jury could not give it any additional weight.

Judgment affirmed.